■ RAUL HUGO et al., Appellants, v A & A MAINTENANCE ENTERPRISE, INC., Respondent. [702 NYS2d 387] —In an action, *inter alia,* to recover back wages for an alleged violation of Labor Law § 195 (6), the plaintiffs appeal from an order of the Supreme Court, Westchester County (Fredman, J.), entered March 2, 1999, which denied their motion for summary judgment and, upon searching the record, granted summary judgment to the defendant dismissing the complaint.

Ordered that the order is affirmed, with costs.

The defendant's contract to manage cleaning and maintenance services for the Westchester County Courthouse expired on July 31, 1997. The plaintiffs, members of Local 32E of the Service Employees International Union, were employed by the defendant to perform janitorial services at the courthouse. They received actual notice of the expiration of the contract and the termination of their employment through their union, but did not receive written notification of their termination from the defendant as required by Labor Law § 195 (6). They subsequently commenced this action alleging that the defendant violated Labor Law § 195 (6) and that, as a result, their employment was not terminated and they were therefore entitled to recover, *inter alia,* back wages from July 30, 1997.

Labor Law § 195 (6) provides as follows:

"Every employer shall * * *

"6. notify any employee terminated from employment, in writing, of the exact date of such termination as well as the exact date of cancellation of employee benefits connected with such termination. In no case shall notice of such termination be provided more than five working days after the date of such termination. Failure to notify an employee of cancellation of accident or health insurance subjects an employer to an additional penalty pursuant to section two hundred seventeen of this chapter".

Subdivision (6) was added to Labor Law § 195 by 1989 legislation which also amended Labor Law § 217 (*see,* L 1989,

ch 524). The purpose of the amendments was "[t]o require that individuals terminated from employment receive written notice of such termination and of the cancellation of any employee benefits connected with such termination; to protect the statutory right of individuals to receive notice of policy termination and to continue health insurance coverage following termination of participation in group coverage by providing that an employer who refuses to give such notice or to remit such premiums may, in addition to the civil penalty already provided under law, be liable for damages for medical expenses not covered as a result of the failure to give notice or remit such premiums" (Mem of State Dept of Labor, 1989 McKinney's Session Laws of NY, at 2190).

The legislative history of the amendments indicates that they were enacted to ensure continued insurance coverage and benefits for employees and/or to minimize the impact of an unexpected termination of employment on an employee's benefits (*see,* Mem of State Dept of Labor, 1989 McKinney's Session Laws of NY, at 2191-2192). There is no indication in the legislative history that the intent of the Legislature in amending Labor Law § 195 (6) was to provide for an employee's continued employment in the absence of a written notice of termination. The statute itself does not provide for such a penalty.

Thus, the plaintiffs' contention that the defendant's failure to comply with the written notice provisions of Labor Law § 195 (6) requires a finding that their employment was not terminated is without merit. That termination was effective as of July 31, 1997, and they are not entitled to back wages. The plaintiffs' insurance and other benefits were provided by the union and not by the defendant. The plaintiffs do not allege that they lost any benefits or incurred any medical expenses. Since there is no evidence that the plaintiffs sustained any damages as a result of the defendant's violation of Labor Law § 195 (6), the Supreme Court properly granted summary judgment to the defendant dismissing the complaint. Ritter, J. P., Altman, Krausman and Goldstein, JJ., concur.